NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GILBERT DOMINGUEZ, *Appellant.*

No. 1 CA-CR 17-0446
FILED 5-24-2018

Appeal from the Superior Court in Maricopa County
No.  CR2015-135817-001
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Heath Law Firm, PLLC, Mesa
By Mark Heath
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Gilbert Dominguez appeals his convictions of possession or use of dangerous drugs (methamphetamine) and possession of drug paraphernalia and the resulting sentences. Dominguez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Dominguez was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Dominguez's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　In August 2015, a Phoenix police officer began following Dominguez after he observed him speeding and making several turns in a residential neighborhood in a possible attempt to evade the officer. Eventually, Dominguez parked his vehicle in a residential driveway. When the officer arrived, Dominguez was already outside the vehicle, and the officer observed him walk around from the front right-side of the vehicle. As the officer got out of his vehicle, he heard a metallic clanking sound near the passenger side of the car and later asked another officer to search the area where he heard the noise. The officer found a small metallic box with five bags of methamphetamine inside. The officers also searched Dominguez's vehicle and found multiple small plastic bags commonly used to hold drugs and a digital scale commonly used to weigh drugs.

**¶3**　　　　Dominguez was charged with one count each of possession or use of a dangerous drug, a class 4 felony, ("Count One") and possession of drug paraphernalia, a class 6 felony ("Count Two"). Prior to trial, Dominguez moved to suppress the evidence obtained following the stop. The superior court denied the motion, finding the encounter between

Dominguez and the officer was consensual and, moreover, the officer had reasonable suspicion to stop Dominguez.

¶4            A three-day jury trial was held. After the State presented its case, Dominguez moved for acquittal, which the superior court denied. A passenger who was in the vehicle during the stop testified for the defense. The witness testified that the box containing methamphetamine was hers, that she threw the box out the window, and that the drugs, bags, and scale were also hers, despite previously denying the drugs belonged to her. Despite the witness's testimony, the jury convicted Dominguez on both counts.

¶5            Dominguez was released on his own recognizance while awaiting trial. While on release, Dominguez committed two additional felonies, both burglary in the third degree, a class 4 felony, on two separate dates. Dominguez's sentencing on the drug possession and drug paraphernalia charges was continued pending resolution of the burglary charges. In May 2017, Dominguez pled guilty to both of the new charges. As part of the plea agreements, Dominguez admitted he had two prior felony convictions.

¶6            Prior to the sentencing hearing, Dominguez moved twice for new counsel, which the superior court granted. Dominguez also moved to suspend his guilty verdict and reinstate his release, and moved for a mistrial. Dominguez filed both motions *pro se*, but was represented by counsel when he filed the motions so the superior court did not rule on either. After taking judicial notice of Dominguez's prior felony convictions based on his plea agreements, the superior court sentenced Dominguez to 12 years' imprisonment on Count One and 4.5 years' imprisonment on Count Two, with 382 days' presentence incarceration credit. The sentences were to run concurrent with each other and the sentences imposed pursuant to the plea agreements. Dominguez timely appealed.

## DISCUSSION

¶7            We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶8            Dominguez was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Dominguez all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of

Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Dominguez's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶9**        Dominguez's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Dominguez's representation in this appeal will end after informing Dominguez of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:  AA